MIAZGA, APPELLEE, *v.* INTERNATIONAL UNION OF OPERATING ENGINEERS, A.F.L. - C.I.O., APPELLANT.
BANKER, APPELLEE, *v.* INTERNATIONAL UNION OF OPERATING ENGINEERS, A.F.L. - C.I.O., APPELLANT.
JACKFERT, APPELLEE, *v.* INTERNATIONAL UNION OF OPERATING ENGINEERS, A.F.L. - C.I.O., APPELLANT.
GALLAGHER, APPELLEE, *v.* INTERNATIONAL UNION OF OPERATING ENGINEERS, A.F.L. - C.I.O., APPELLANT.
MACKIN, APPELLEE, *v.* INTERNATIONAL UNION OF OPERATING ENGINEERS, A.F.L. - C.I.O., APPELLANT.
JONES, APPELLEE, *v.* INTERNATIONAL UNION OF OPERATING ENGINEERS, A.F.L. - C.I.O., APPELLANT.

(Nos. 39062, 39063, 39064, 39065, 39066 and 39067—Decided March 31, 1965.)

*Messrs. Rudd, Ober & Miller, Mr. Charles R. Miller* and *Mr. Charles J. Donahue,* for appellees.

*Messrs. Clyne, Moran & Perelman* and *Mr. Lewis Perelman,* for appellant.

O'NEILL, J. The question for this court to decide is: Can a plaintiff maintain an action against a labor union, of which he is a member, based upon the commission of a tort against the plaintiff by the member agents of such union acting within the scope of their authority?

The defendants rely upon the rule set forth in the syllabus of *Koogler et al., Trustees,* v. *Koogler* (decided June 21, 1933), 127 Ohio St. 57. That syllabus reads:

"1. An unincorporated subordinate lodge of the Independent Order of Odd Fellows is a voluntary association, and its members are engaged in a joint enterprise.

"2. One who is a member of such lodge in good standing at the time of injury cannot recover damages from the lodge for personal injury, as there is no liability."

At the time the *Koogler case* was decided, Section 10060, General Code (now Section 1715.42, Revised Code), was in effect and, in referring to "a secret benevolent association," read as follows:

"Such an association * * * may sue or be sued, answer or be answered unto, plead or be impleaded in any court in this state."

The court, in the *Koogler case,* in reference to this statute, said:

"* * * We get no help from these statutes on the question of liability."

Section 1715.42, Revised Code, incorporates essentially the provisions of Sections 10057, 10058, 10059, 10060 and 10061, General Code, but with regard to the question before the court in these cases, its provisions are substantially the same as Section 10060 was at the time of the *Koogler case.* It provides:

"Such an association * * * may sue or be sued in any court in this state."

There is a substantial body of law which asserts the proposition that the modern-day union is essentially different from the unincorporated association of 30 years ago, such as the Independent Order of Odd Fellows in the *Koodler case,* and that the rationale of that case and other cases involving similar benevolent associations is not applicable to the present-day union even though the union is an unincorporated association. *Donnelly* v. *United Fruit Co.* (1963), 40 N. J. 61, 190 A. 2d 825; *United Mine Workers of America* v *Coronado Coal Co.* (1922), 259 U. S. 344. See, also, *State* v. *Local Union 5760, United Steelworkers of America* (1961), 172 Ohio St. 75.

In *Marshall* v. *International Longshoremen's and Warehousemen's Union, Local 6* (1962), 57 Cal. 2d 781, 371 P. 2d 987, the court said at page 784:

"* * * there is now a respectable body of judicial decision * * * in the field of labor union law * * * which recognizes the existence of unincorporated labor unions as entities for a variety of purposes, and which recognizes as well that the individual members of such unions are not in any true sense principals of the officers of the union or of its agents and employees so as to be bound personally by their acts under the strict application of the doctrine of *respondeat superior.*"

Those cases hold that an action can be maintained against a labor union as an unincorporated association by a member of such union, where a tort has been committed against such member by the agents of the union acting within the color of their authority as such agents.

This court allowed a plaintiff to maintain an action against an unincorporated association of which he was a member based

upon the commission of a tort against the plaintiff, where it was alleged that the tort was committed by the agents of the association acting under color of their authority as agents. *Perko* v. *Local No. 207 of International Association of Bridge, Structural and Ornamental Iron Workers Union,* 168 Ohio St. 161.

The tort in the *Perko case* was an intentional tort just as it is in these cases before the court.

The law is now clear in Ohio since the enactment of Chapter 1745, Revised Code, entitled "Unincorporated Associations," effective September 30, 1955.

Section 1745.01, Revised Code, provides:

"Any unincorporated association may * * * be sued as an *entity* under the name by which it is commonly known and called." (Emphasis added.)

Section 1745.02, Revised Code, provides:

"All assets, property, funds, and any right or interest, at law or in equity, of such unincorporated association shall be subject to judgment, execution and other process. *A money judgment against such unincorporated association shall be enforced only against the association as an entity and shall not be enforceable against the property of an individual member of such association.*" (Emphasis added.)

Chapter 1745, *supra,* did not repeal the above-quoted provision of Section 1715.42, *supra,* but was enacted in addition thereto to provide a basis for suit against any unincorporated association cumulative to that for suing the individual members of the association. *Lyons, Admx.,* v. *American Legion Post No. 650 Realty Co., Inc.* (1961), 172 Ohio St. 331; *Marsh* v. *General Grievance Committee,* 1 Ohio St. 2d 165.

The defendant unions in these actions are unincorporated associations within the meaning of the provisions of Sections 1745.01 to 1745.04, inclusive, Revised Code.

The enactment of these sections makes the reasoning of the court, which was applied in the *Koogler case,* no longer applicable to such unincorporated associations as the defendants in these cases.

The provisions of Sections 1745.01 to 1745.04, inclusive,

*supra,* make it clear that an unincorporated association can now be sued as an entity, that its assets are liable for a judgment obtained as a result of such an action, and that such a judgment is not enforceable against the property of a member of such association.

Under the provisions of Sections 1745.01 to 1745.04, *supra,* a plaintiff who is a member of a union which is an unincorporated association can maintain an action against such unincorporated association for the alleged commission of a tort against the plaintiff by the agents of such association acting within the scope of their authority.

The judgments of the Court of Appeals are, therefore, affirmed.

*Judgments affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.