245 S.C. 586 (1965)
141 S.E.2d 834
Thelma Bertha BOUCHETTE, by her Guardian ad Litem, Emmie Bouchette, Respondent,
v.
INTERNATIONAL LADIES GARment Worker's Union, AFL-CIO, LOCAL NO. 371, and International Ladies Garment Worker's Union, AFL-CIO, Appellants. Aloma Judith McKENZIE, Respondent,
v.
INTERNATIONAL LADIES GARMENT WORKER'S UNION, AFL-CIO, LOCAL NO. 371, and International Ladies Garment Worker's Union, AFL-CIO, Appellants.
18336
Supreme Court of South Carolina.
April 20, 1965.
*587 Messrs. McEachin, Townsend & Zeigler, of Florence, for Appellants.
*588 Messrs. Lumpkin, Kemmerlin & Medlock, of Columbia, for Respondents.
April 20, 1965.
LEWIS, Justice.
The sole question for determination in this appeal is whether Section 10-215 of the 1962 Code of Laws, by providing for suits against an unincorporated association under its common name without granting a corresponding right to bring suit, deprives such associations of the equal protection *589 of the law in violation of the Fourteenth Amendment to the Federal Constitution.
The plaintiffs Bouchette and McKenzie brought their separate actions at law against the defendant International Ladies Garment Worker's Union, AFL-CIO, and International Ladies Garment Worker's Union, AFL-CIO, Local No. 371, to recover damages resulting from incidents occurring during the course of a strike at Oneita Mills, Inc., Andrews, South Carolina. The actions were brought under the provisions of Section 10-215 against the defendants, as unincorporated associations, in the name and style under which they operate and by which they are usually known, without naming as defendants any individual members of the association. The defendants demurred to the complaints in each action upon the ground that the court was without jurisdiction of the defendants, "there being no individual party defendant and Section 10-215, South Carolina Code of Laws, 1962, being invalid and unconstitutional under the provision of the Fourteenth Amendment of the Constitution of the United States of America in that it fails to provide unincorporated associations with equal protection of the law." The lower court overruled the demurrer, and the defendants have prosecuted a consolidated appeal from the order in each action since the issues are identical.
Section 10-215 is as follows:
"All unincorporated associations may be sued and proceeded against under the name and style by which they are usually known without naming the individual members of the association."
The foregoing statute allows an unincorporated association to be "sued and proceeded against" in the name by which it is usually known but does not provide that such an association may bring an action in its own name. The position of the defendant is that, since at common law an unincorporated association could neither sue nor be sued in its common name, 6 Am. Jur. (2d), Associations and Clubs, *590 Section 51, the failure of Section 10-215 to grant to an unincorporated association the corresponding right to bring an action in its own name leaves it without such right and thereby deprives such association of the equal protection of the law. It follows that, if such associations have the right under the law of this State to sue under their common name, the present attack upon the constitutionality of the statute fails.
The fact that the statute in question does not contain express authority for suit by an unincorporated association in its own name does not preclude the existence of such right. We think that the right of such associations to sue in their common name arises by necessary implication from our statutes. Sec: 6 Am. Jur. (2d), Associations and Clubs, Section 52. Although, it has been held in some instances that statutes, permitting actions against unincorporated associations in their common name, would not be construed as granting the corresponding right to sue. 7 C.J.S. Associations § 35, at page 85.
The statutes of this State constitute a clear legislative recognition of the representative capacity of an unincorporated association acting under its common name. Section 10-429 of the 1962 Code of Laws provides that "[p]rocess served on any agent of any unincorporated association doing business in this State under the name and style by which it is usually known shall be sufficient to make such association a party in any court of record in the county in which such agent may be served." Section 10-1516 makes the property of any such association, or any member thereof, subject to execution in satisfaction of any judgment obtained against it under its common name. And, under the provisions of Sections 66-201 et seq., an association or union is defined as a "person" for the purpose of registering labels or trademarks and bringing actions for the protection thereof.
As appears from the foregoing statutes, an unincorporated association is recognized under its common name as a party (1) against which a suit may be *591 brought, (2) capable of having agents upon whom process may be served, (3) against which a judgment may be obtained, (4) against whose property execution may issue to satisfy such judgment, and (5) having the status to register trademarks in its name and bring actions for the protection thereof. In view of such legislative recognition, we have no hesitancy in holding that by necessary implication such association has the right to sue in its own name in relation to matters affecting the group as a unit. Since unincorporated associations have the right to sue in their own name by necessary implication from the statutes, the contention that they are deprived of equal protection of the law by the failure of the statutes to specifically confer upon them such right is overruled.
The complaints in each action set forth four causes of action, the third being for alleged wrongful interference with the working arrangement which plaintiffs had with their employer. The defendant, in addition to the demurrer previously discussed, interposed a demurrer to the third cause of action. The lower court failed to pass upon the issues arising under this demurrer and these questions will, therefore, not be considered. It is well settled that, where a circuit judge has not passed upon a question asserted on appeal, it is not properly before us for decision. Frederick v. Standard Warehouse Co., 239 S.C. 216, 122 S.E. (2d) 425. For the foregoing reason, questions arising under the demurrer to the third cause of action are not considered.
Affirmed.
TAYLOR, C.J., MOSS and BUSSEY, JJ., and LIONEL K. LEGGE, Acting J., concur.