TANNER ET AL., APPELLANTS, *v.* COLUMBUS LODGE No. 11,
LOYAL ORDER OF MOOSE, APPELLEE.

(No. 74-1027—Decided November 12, 1975.)

*Messrs. Tyack, Scott & Colley* and *Mr. Thomas M. Tyack,* for appellants.

*Messrs. Baldwin, Nichols & Menapace* and *Mr. Reno J. Menapace,* for appellee.

HERBERT, J. This appeal asks us to reexamine the holding in *Koogler* v. *Koogler, supra* (127 Ohio St. 57), in light of pronouncements of this court and legislative enactments which have occurred subsequent to that decision. The question to be determined is: Can a member of an unincorporated association now sue that association and recover damages for personal injury?

In *Koogler,* a member of the Independent Order of Odd Fellows (an unincorporated association) sued the lodge for injuries sustained when a fire escape at their building fell upon him. At that time, G. C. 10060 (now R. C. 1715.42) was in effect, and, in referring to secret benevolent associations, provided:

"Such an association or society may sue or be sued, answer or be answered unto, plead or be impleaded in any court in this state."

After determining that the statute was of no help as to the question of liability, the *Koogler* court, at page 62, emphasized that the members of such an association were participants in a joint venture and unable to sue themselves. The court announced in the syllabus:

"1. An unincorporated subordinate lodge of the Independent Order of Odd Fellows is a voluntary association, and its members are engaged in a joint enterprise.

"2. One who is a member of such lodge in good standing at the time of injury cannot recover damages from the lodge for personal injury, as there is no liability."

In September of 1955, R. C. Chapter 1745, entitled "Unincorporated Associations," became effective. R. C. 1745.01 states, in part:

"Any unincorporated association may * * * be sued as an entity under the name by which it is commonly known and called."

As can be seen, the General Assembly expressly designated all unincorporated associations as separate entities, capable of suing and being sued. It further provided that money judgments against such groups be enforced only as to the association as an entity, and not against the property of an individual member. R. C. 1745.02.

The effect of R. C. Chapter 1745 upon the holding in *Koogler* is evident from decisions of this court rendered subsequent to the enactment of that statute. In *Lyons* v. *American Legion Post* (1961), 172 Ohio St. 331, 175 N. E. 2d 733, the court noted that in the absence of an enabling statute, an unincorporated association has no status as a legal entity and cannot be sued in its association name. Recognizing that R. C. Chapter 1745 supplied such status, Judge Zimmerman, at page 334, determined that the provisions of that chapter were intended to provide a basis for suit against any unincorporated association, and that such right was cumulative to that of suing the individual members. See, also, *Marsh* v. *General Grievance Committee* (1965), 1 Ohio St. 2d 165, 205 N. E. 2d 571.

In *Miazga* v. *Internat. Union of Operating Engineers* (1965), 2 Ohio St. 2d 49, 205 N. E. 2d 884, members* of a labor union sued the union for a tort committed by its agents. After emphasizing that the provisions of R. C. Chapter 1745 provided plaintiffs with an additional basis for suit against unincorporated associations, Chief Justice O'Neill stated, at page 53; "the enactment of these sections makes the reasoning of the court, which was applied in the *Koogler* case, no longer applicable to such unincorporated associations as the defendants in these cases." In allowing an action against the union, the Chief Justice observed further:

"The provisions of Sections 1745.01 to 1745.04, * * * make it clear that an unincorporated association can now be sued as an entity, that its assets are liable for a judgment obtained as a result of such an action, and that such

---

*In *Lyons* v. *American Legion Post, supra,* and *Marsh* v. *General Grievance Committee, supra,* suit was brought by nonmembers of the associations.

a judgment is not enforceable against the property of a member of such association.''

The import of R. C. 1745.01 and the above decisional language is clear—the *Koogler* conclusion, that members of an unincorporated association are unable to sue the association, is no longer tenable. With the promulgation of R. C. Chapter 1745, the General Assembly has treated such associations as a separate legal entity, capable of suing and being sued. Furthermore, by providing that *any* unincorporated association may be sued as an entity, it chose not to exclude those groups maintained for fraternal, benevolent or social purposes. The reasoning and judgment in *Miazga* furnished the final nail in the *Koogler* coffin.

Under the provisions of R. C. Chapter 1745, a member of an unincorporated association may maintain an action against the association for personal injuries resulting from the negligent acts of its agents, committed while within the scope of their authority.

The judgment of the Court of Appeals is reversed, and the cause remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.