NICKEY G. O'BRYANT *v.* VETERANS OF FOREIGN WARS NO. 1552

[No. 2-476A131. Filed May 31, 1978.]

*William J. Norton*, of Anderson, for appellant.

*Marion W. Withers, Jones, Withers & Adair*, of Anderson, for appellee.

WHITE, J.—Nicky G. O'Bryant (O'Bryant), a member of Veterans of Foreign Wars, No. 1552 (VFW), brought suit against VFW, an unincorporated association, seeking damages for bodily injuries allegedly caused by VFW's negligence. VFW moved for summary judgment on the theory that under no circumstances can one of its members recover in such an action because all members are engaged in a joint enterprise and the negligence of each is imputed to every other member. The court granted the motion and rendered judgment dismissing the complaint.

We reverse.

The abridged record filed with this court is an agreed statement authorized by Appellate Rule 7.3, supplemented by selected papers, not including the complaint. This record makes no apparent attempt to disclose what O'Bryant contends is the negligent conduct which he claims is the proximate cause of his injury. It obviously attempts to present only the abstract question of whether a member of an unincorporated association and maintain an action against the association for bodily injuries allegedly the proximate result of the negligence of a person or persons engaged in some activity on behalf of the association under circumstances which would make the association liable were the plaintiff not a member of the association. We shall answer the question without pausing to consider whether it is properly presented.

The judgment entry discloses that the court below relied on "the general case law as cited in 6 Am.Jur. 2d (Associations and Clubs) [§]31 [p. 458] that the general rule is that members of an unincorporated association may not recover from the association for tort." The judge nevertheless believed that association members should be permitted to maintain such actions but felt bound to follow the general rule because the only "clear case" stating his view is *White v. Cox* (1971), 17 Cal. App. 3d 824, 95 Cal. Reptr. 259, 45 A.L.R. 3d 1161. However, as will later appear, there are other cases which reach the result the trial court would have preferred. We too prefer that result and, because we believe it not compatible with Indiana statutory case law, we hold that summary judgment for defendant should not have been granted.

The rationale of the rule followed by the trial court has been variously stated, but may be summarized as follows:

An unincorporated association, like a business partnership, has no legal entity or existence apart from its members, e.g., it cannot sue or be sued in its own name, but only in the names of its partners or members; its members are engaged in a joint enterprise, or venture, in which each member exercises (or has the legal right to exercise) control over the operations of the association, thus each member, as to each other member, is both principal and agent in matters involving the association's activities. Annot. (1950), 14 A.L.R. 2d 473; Associations and Clubs, §31, 6 Am. Jur. 2d 458 (1963) and 1977 Supp. at p. 38.

In *Marshall v. International Longshoreman's & Warehouseman's Union* (1962), 57 Cal. 2d 781, 22 Cal. Reptr. 211, 371 P.2d 987, the rationale of this rule of non-liability is further explained:

"Basically this rule has been arrived at by applying to other forms of voluntary, unincorporated associations the rules of law developed in the field of business partnerships. Under traditional legal concepts the partnership is regarded as an aggregate of individuals with each partner acting as agent for all other partners in the transaction of partnership business, and the agents of the partnership acting as agents for all of the partners. When these concepts are transferred bodily to other forms of voluntary associations such as fraternal organizations, clubs and labor unions, which act normally through elected officers and in which the individual members have little or no authority in the day-to-day operations of the association's affairs, reality is apt to be sacrificed to theoretical formalism." (371 P. 2d at 989.)

*Marshall* was a suit by a member against his labor union. The California Supreme Court held:

"The concepts herein discussed, which are proper enough when applied to business partnerships for which they were originally developed, should not be so pressed with disregard of consequences to the very different field of the relationship between labor unions and their members. It is our conclusion that a member of a labor union is entitled to sue the union for acts which he neither participated in nor authorized, and that any judgment that he may recover against the union can be satisfied from the funds and property of the union alone." (371 P.2d at 991.)

The *Marshall* holding was limited to labor unions. Nine years later, however, in *White v. Cox* (1971), 17 Cal. App. 3d 824, 95 Cal. Rptr. 259, 45 A.L.R. 3d 1161[1], an action by a member of an unincorporated association of condominium owners against the association for damages for personal injuries allegedly sustained as a proximate result of the association's negligence, the Court of Appeals noted that "[s]ince *Marshall* in 1962 the rule of non-liability of an unincorporated association to its members has suffered further erosion from both statutory and case law." (45 A.L.R. 3d at 1164.) After citing the eroding statutes and cases it said, "[i]n view of these developments over the past decade we conclude that unincorporated associations are now entitled to general recognition as separate legal entities and that as a consequence a member of an unincorporated association may maintain a tort action against his association." (45 A.L.R. 3d at 1165.) Among the developments listed by the court were amendments to the California Corporation Code making partnerships and unincorporated associations liable to third parties to the same extent as if the association were a natural person.[2] Indiana's Trial Rules 17(B) and 17(E) enacted by the 1969 session of the General Assembly as a part of House Enrolled Act 1973 and published as Acts of 1969, chapter 191, section 1, p. 584-585, Rule 17(E) of the Indiana Rules of Civil Procedure and later adopted without change by order of the Indiana Supreme Court handed down July 29, 1969, effective January 1, 1970, make substantially the same provision. They read:

"17(B) Capacity to sue or be sued. The capacity of a party to sue or be sued shall be determined by the law of this state, including its conflict rules, except that a partnership may sue or be sued in its common name."

"17(E) Partnerships and unincorporated associations. A partnership or an unincorporated association may sue or be sued in its common name. A judgment by or against the partnership or unin-

---

1. This is the case cited in the trial court's memorandum as "the only clear case stating this view", i.e., that an unincorporated association is entitled to general recognition as a separate legal entity and that a member should be able to maintain a tort action against said association.

2. The California court considered that statute a significant development despite its clause: "Nothing in this section in any way affects the rules of law which determine the liability between an association and a member of the association." 45 A.L.R. 3d 1164.

corporated association shall bind the organization as if it were an entity. A money judgment against the partnership or unincorporated association shall not bind an individual partner or member unless he is named as a party or as a member of a class in an appropriate action (Rules 23 and 23.2)."[3]

Since these rules have been adopted both by the Legislature and the Supreme Court they can be effective both as rules of procedural law and as rules of substantive law. There is thus no constitutional obstacle to giving them effect as establishing voluntary associations as artificial entities separate and distinct from the natural persons who are their members. As such artificial entities they can serve as the principals of their officers, agents, and employees without need to resort to the fiction that the members of the associations are the principals.

It was on the basis of a statute much like our Trial Rule 17(E), *supra*, that *Tanner v. Columbus Lodge No. 11, Loyal Order of Moose* (1975), 44 Ohio St. 2d 49, 337 N.E.2d 625, overruled *Koogler v. Koogler* (1933), 127 Ohio St. 57, 186 N.E. 725, which had held that a member of an I.O.O.F. Lodge could not maintain an action against the lodge's trustees for personal injuries sustained when the lodge's fire escape fell to the sidewalk. The *Tanner* opinion allowed lodge members to sue the lodge for personal injuries sustained as the result of improper waxing of a floor on which they were dancing. That holding was based on a like holding in *Miazga v. International Union of Operating Engineers* (1965), 2 Ohio St. 2d 49, 205 N.E.2d 884, wherein a labor union member was allowed to maintain a personal injury action against his union. *Miazga*, in addition to relying on the same statute as did *Tanner*, also quoted from *Marshall v. International Longshoremen's and Warehousemen's Union, supra* (57 Cal. 2d 781, 784, 371 P. 2d 987, 989, 22 Cal. Rptr. 211, 213) as follows:

" ' . . . there is now a respectable body of judicial decision . . . in the field of labor-union law . . . which recognizes the existence of unincorporated labor unions as separate entities for a variety of

3. Trial Rule 23 is the rule governing class actions while 23.2 provides that "[i]n addition to an action brought by or *against an unincorporated association* under Rule 17(E), an action may be brought *against the members* of an unincorporated association as a class. . . ." (Our emphasis.)

purposes, and which recognizes as well that the individual members of such unions are not in any true sense principals of the officers of the union or of its agents and employees so as to be bound personally by their acts under the strict application of the doctrine of *respondeat superior.*' " (205 N.E. 2d at 886.)

While the rule on which the trial court relied in granting summary judgment for VFW may still be the rule in a majority of these United States we see no reason it should be the rule in Indiana. We therefore reverse the judgment of the trial court and remand this cause for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

Sullivan, J., concurs. Robertson, J., participating by designation, concurs.

NOTE—Reported at 376 N.E.2d 521.