22574

Robert John MURPHY, Jr. and Millen Anne Murphy, Respondents
v. YACHT COVE HOMEOWNERS ASSOCIATION, Appellant.

(345 S. E. (2d) 709)

Supreme Court

*D. Cravens Ravenel* of *Belser, Baker, Barwick, Ravenel, Toal & Bender,* Columbia, *for appellant.*

*Robert John Murphy, Jr.,* Columbia, *for respondents.*

Heard May 6, 1986.

Decided June 16, 1986.

HARWELL, Justice:

Members of an unincorporated condominium association sued the association for negligence. The lower court struck the imputed negligence defense from the association's answer. We affirm.

Respondents, as joint owners of a condominium unit, are automatically members of the unincorporated association which manages the condominium project. They brought a negligence action against this unincorporated association, which is known as "Yacht Cove Homeowners Association" (Association). Respondents contended that the Association

failed to properly maintain the common elements and, as a result, one of the respondents suffered physical injury. As one of its defenses, the Association asserted that respondents, as members of an unincorporated association, are engaged in a joint enterprise. Each member is both principal and agent for the other members. The negligence of each member, therefore, must be imputed to every other member. Appellant concluded that the respondents should be precluded from maintaining an action for negligence against the Association.

Respondents urged the lower court to adopt the rationale of *White v. Cox*, 17 Cal.App.3d 824, 95 Cal.Rptr. 259 (1971). In that case, a condominium owner, who was a member of the unincorporated condominium association, brought an action against the association in its own name. The member sought damages for personal injuries allegedly suffered when he tripped and fell over a water sprinkler negligently maintained by the association. The association asserted the imputed negligence defense. The California court held that a member of the condominium association could maintain a tort action provided (1) the association possessed a separate existence from its members, and (2) the member did not retain direct control over the association's operations. In the present case, the trial court considered the arguments presented by both sides and struck the imputed negligence defense from the Association's answer.

This Court has addressed the question of whether a property regime has standing to sue for defects in the common elements which it has a duty to maintain. *Queen's Grant Villas Horizontal Property Regimes I-V v. Daniel International Corporation*, 286 S. C. 555, 335 S. E. (2d) 365 (1985); *Roundtree Villas Association v. 4701 Kings Corporation*, 282 S. C. 415, 321 S. E. (2d) 46 (1984). We have noted that "[s]hould the Regime not uphold its duty to pursue a recovery for any alleged construction defects in the common elements which it maintains, it may be liable to the homeowners for its omissions." *Queen's Grant*, 286 S. C. at 556, 335 S. E. (2d) at 366. This necessarily implies that an association can be sued by the unit owners for its failure to discharge its duties.

The administrator, the board of administration, or any

other form of administration specified in the bylaws may maintain a civil suit for damages or injunctive relief for failure of a member of the association to strictly comply with the bylaws, the administrative rules and regulations, and the covenants, conditions, and restrictions set forth in the master deed or lease. S. C. Code Ann. § 27-31-170 (1976). We held in *Bouchette v. International Ladies Garment Worker's Union*, 245 S. C. 586, 141 S. E. (2d) 834 (1965) that S. C. Code Ann. § 15-5-160 (1976), which allowed an unincorporated association to be sued in its own name, necessarily implied that the unincorporated association had the right to sue in its own name. Similarly, since the association can sue a member for failure to adhere to the bylaws, rules, and regulations, a member necessarily can sue the association for this same failure.

At oral argument, appellant conceded that respondents could sue the Association in contract. Appellant argued, however, that the right of members to sue the Association should be limited to contract actions and not extended to tort actions. We disagree. We hold that a member of a condominium association, established pursuant to the Horizontal Property Act, may bring an action in contract or tort against the association. *See* Annot., 45 A.L.R. (2d) 1171 (1972). Such a suit is authorized by both the Model Condominium Code and the Uniform Condominium Act. *See* Rohan, *The "Model Condominium Code" — A Blueprint for Modernizing Condominium Legislation,* 78 Colum. L. Rev. 587, 604 (1978). Appellant pointed out that the Horizontal Property Act does not cover many potential problems which almost assuredly will arise due to the proliferation of the condominium form of housing and the expansion of the condominium association's liability. While the issues raised by appellant are a source of legitimate concern, it is the function of the Legislature and not this Court to anticipate problems such as the ones envisioned by appellant and enact legislation to deal with them.

Affirmed.

NESS, C. J., and GREGORY and CHANDLER, JJ., concur.

Acting Associate Justice ALEXANDER M. SANDERS, concurs.

Associate Justice ERNEST A. FINNEY, JR., not participating.