## 1137

William C. CROCKER, Appellant v. Reverend Ernest BARR, Billy Boggs, Larry Brown, Emory Brown, Henry Manning, Jr., Wayne Whidby, in the Official Capacity as board members of the Calhoun Falls Penecostal Holiness Church, Respondents.

(367 S. E. (2d) 471)

Court of Appeals

*Thomas E. Hite, Jr.,* of *Hite & Pruitt,* Abbeville, and *Marvin R. Watson,* Greenwood, *for appellant.*

*David B. Betts,* Columbia, *for respondents.*

Heard March 22, 1988.

Decided April 11, 1988.

GOOLSBY, Judge:

William C. Crocker, a member of the Calhoun Falls Pentecostal Holiness Church, an unincorporated association, sued the church's board members in their official capacity for negligence. The board members moved to dismiss the complaint pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure. The circuit court granted their motion, holding that a member of the association could not bring an action in tort against the association, which Crocker agreed was the "true defendant in the action." The apparent basis of the circuit court's holding is the doctrine of imputed negligence, asserted affirmatively as a defense in the motion to dismiss. Crocker appeals. We affirm.

Before addressing the principal question of whether the

doctrine of imputed negligence prevents a member of an unincorporated church association from maintaining an action in tort against the association, we must first determine whether the circuit court went beyond the allegations set forth in the complaint in dismissing the complaint on the ground of imputed negligence.

In ruling on a motion to dismiss a complaint for failure to state facts sufficient to constitute a cause of action, the court must look solely to the allegations set forth in the complaint. *Toussaint v. Ham*, 292 S. C. 415, 357 S. E. (2d) 8 (1987). A defendant cannot assert an affirmative defense on a Rule 12(b)(6) motion unless the allegations of the complaint demonstrate the existence of the affirmative defense. *Scott v. Kuhlmann*, 746 F. (2d) 1377 (9th Cir. 1984); *Frank v. Campbell Property Management, Inc.*, 351 So. (2d) 364 (Fla. Dist. Ct. App. 1977); 61A Am. Jur. (2d) *Pleading* § 226 at 224 (1981); *see* C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1277 at 328 (1969) (affirmative defenses cannot be the basis of a motion to dismiss); 71 C. J. S. *Pleading* § 458 at 939 (1951) ("Affirmative defenses are not properly asserted by a motion to dismiss the complaint. . . ."). The defense of imputed negligence is an affirmative defense in that it "conditionally admits the allegations of the complaint but asserts new matter to bar the action." *O'Neal v. Carolina Farm Supply of Johnston, Inc.*, 279 S. C. 490, 494, 309 S. E. (2d) 776, 779 (Ct. App. 1983).

Crocker's complaint alleges he is a member of the Pentecostal Holiness Church of Calhoun Falls, the respondents constitute the church's board, he was injured when he fell from the church's attic to the concrete floor below while attempting, at the request of the respondents, to repair the church's speaker system, and his injuries and damages were proximately caused by the respondents' negligent acts and omissions. Prior to the hearing on the motion to dismiss, Crocker stipulated the church is an unincorporated association.

We think these allegations, when read with the stipulation, clearly suggest the existence of the affirmative defense of imputed negligence; therefore, the circuit court committed no error in allowing the board members to assert it on a Rule 12(b)(6) motion.

The general rule regarding whether a member of an unincorporated association may recover for injuries inflicted by the tort of fellow members has been stated as follows:

> [M]embers of an unincorporated association are engaged in a joint enterprise, and the negligence of each member in the prosecution of that enterprise is imputable to each and every other member, so that the member who has suffered damages to his person, property, or reputation through the tortious conduct of another member of the association may not recover from the association for such damage, although he may recover individually from the member actually guilty of the tort. The reason for this rule, as it is sometime stated by the courts, is that since the negligence of the tort-feasor member is imputable to the member who has sustained the damage or injury as a result of such tort, the latter may not sue himself for his own negligence; . . . .

Annot., 14 A. L. R. (2d) 473, 474 (1950); 6 Am. Jur. (2d) *Associations and Clubs* § 31 at 458 (1963); RESTATEMENT (SECOND) TORTS § 491 at 547 (1965).

Cases supporting the general rule include: *Boehm v. Cody Country Chamber of Commerce*, 748 P. (2d) 704 (Wyo. 1987); *Employer's Mutual Casualty Co. v. Griffin*, 46 N. C. App. 826, 266 S. E. (2d) 18 (1980); *cert. denied*, 301 N. C. 86 (1980); *Williamson v. Wallace*, 29 N. C. App. 370, 224 S. E. (2d) 253 (1976), *cert. denied*, 290 N. C. 555, 226 S. E. (2d) 514 (1976); *Goard v. Branscom*, 15 N. C. App. 34, 189 S. E. (2d) 667 (1972), *cert. denied*, 281 N. C. 756, 191 S. E. (2d) 354 (1972); *Goins v. Missouri Pacific System Federation*, 272 F. (2d) 458 (8th Cir. 1959); *Duplis v. Rutland Aeire, No. 1001, Fraternal Order of Eagles*, 118 Vt. 438, 111 A. (2d) 727 (1955); and *Mastrini v. Nuova Loggia Monte Grappa*, 1 Pa. D. & C. (2d) 245 (1954). Cases rejecting the general rule include: *Joseph v. Calvary Baptist Church*, 500 N. E. (2d) 250 (Ind. Ct. App. 1986); *O'Bryant v. Veterans of Foreign Wars, No. 1552*, 176 Ind. App. 509, 376 N. E. (2d) 521 (1978); and *Tanner v. Columbus Lodge No. 11, Loyal Order of Moose*, 44 Ohio St. (2d) 49, 73 Ohio Op. (2d) 233, 337 N. E. (2d) 625 (1975).

There is no South Carolina case directly in point, although

case law in South Carolina generally recognizes that members of an unincorporated association are jointly and severally liable for its obligations. *Elliott v. Greer Presbyterian Church*, 181 S. C. 84, 186 S. E. 651 (1936); *Medlin v. Ebenezer Methodist Church*, 132 S. C. 498, 129 S. E. 830 (1925).

Courts sometimes have allowed members to bring actions in tort against unincorporated labor unions and, more recently, against unincorporated condominium associations, choosing to make distinctions between them and other unincorporated associations. *See, e.g., Marshall v. International Longshoremen's and Warehousemen's Union*, 57 Cal. (2d) 781, 22 Cal. Rptr. 211, 371 P. (2d) 987 (1962); *Fray v. Amalgamated Meat Cutters and Butcher Workmen of North America*, 9 Wis. (2d) 631, 101 N. W. (2d) 782 (1960) (labor unions); *Murphy v. Yacht Cove Homeowners Association*, 289 S. C. 367, 345 S. E. (2d) 709 (1986); *White v. Cox*, 17 Cal. App. (3d) 824, 95 Cal. Rptr. 259, 45 A. L. R. (3d) 1161 (1971) (condominium associations). Courts holding that a member of other types of unincorporated association may sue the association in tort generally point to statutes that allow actions to be brought directly against an unincorporated association, treat an unincorporated association as a legal entity, and expose only assets of the association to liability. *Joseph v. Calvary Baptist Church, supra; O'Bryant v. Veterans of Foreign Wars, supra; Tanner v. Columbus Lodge No. 11, Loyal Order of Moose, supra.*

In South Carolina, we have a statute, Section 15-5-160 of the South Carolina Code of Laws (1976), that permits a direct action against an unincorporated association in the name of the association; but we have no statute that gives the usual kind of unincorporated association, particularly a church group, an existence separate from that of its members. What is now Section 15-5-160, our Supreme Court has held, does not make an unincorporated association a legal entity. *Medlin v. Ebenezer Methodist Church, supra.*

Neither do we have in South Carolina a statute that renders a judgment against an unincorporated association, at least like that here, unenforceable against the property of a member of the association. *Cf.* S. C. Code of Laws § 15-35-170 (1976) (where a judgment is obtained against an

unincorporated association, "any property of the association and the individual property of any ... member thereof ... shall be liable ... for satisfaction of any such judgment.").

We therefore hold that a member of a voluntary unincorporated association of the kind here involved cannot maintain an action in tort against the association for injuries suffered by the member because of the negligence of fellow members. *Goard v. Branscom, supra.*

Crocker, however, relies on *Murphy v. Yacht Cove Homeowners Association, supra,* and *Bouchette v. International Ladies Garment Worker's Union, AFL-CIO, Local No. 371,* 245 S. C. 586, 141 S. E. (2d) 834 (1965).

*Murphy* concerned an unincorporated condominium association and is not controlling. The unincorporated association in that case was not a strictly voluntary organization because all owners of condominium units automatically became, when they purchased their units, members of the association that managed the condominium project. 289 S. C. at 367, 345 S. E. (2d) at 709. Also, the unincorporated condominium association, in effect, possessed a legal existence separate from its members and was free of a member's direct control over the association's operations in that a statute, Section 27-31-170 of the Code, expressly conferred upon the administration of the property constituted into a horizontal property regime the authority to maintain against a co-owner a civil action to recover damages for failure to comply with the bylaws recorded with the master deed or lease establishing the regime, with the administrative rules and regulations adopted pursuant to the bylaws, and with the covenants, conditions, and restrictions found in the master deed or lease. *See Dutcher v. Owens,* 647 S. W. (2d) 948, 39 A. L. R. (4th) 92 (Tex. 1983) (a condominium co-owner does not have effective control over the operation of the common areas); *cf.* S. C. Code of Laws § 27-31-90 (1976) (council of co-owners may incorporate for the purpose of the administration of the property constituted into a horizontal property regime); *Id.* § 27-31-160(a) (bylaws must prescribe the form of administration); *Id.* § 27-31-290 (limiting the liability of each co-owner for "common expenses").

*Bouchette* likewise is not controlling. It involved a labor union and dealt only with the issue of whether the union, an

unincorporated association, could bring an action in its own name.

Finally, Crocker contends the General Assembly by the enactment of Section 33-55-210 abolished the defense of imputed negligence where a member of an unincorporated church association sues the association. No exception fairly raises this issue and the contention was not made below. We therefore need not consider it. *See Murphy v. Hagan*, 275 S. C. 334, 271 S. E. (2d) 311 (1980) (an issue not raised below or not properly preserved by an exception may not be heard on appeal).

In any case, the statute nowhere abolishes the doctrine of imputed negligence. In its amended form, the statute merely limits the liability of a charitable organization and generally proscribes the bringing of an action against an employee of a charitable organization. S. C. Code of Laws § 33-55-210 (1976) (Supp. 1987).

For the foregoing reasons, the judgment is

Affirmed.

Shaw and Cureton, JJ., concur.