23795

Corrie Mae WRIGHT, Respondent v. CORDESVILLE PENTECOSTAL HOLINESS CHURCH, Appellant.

(426 S.E. (2d) 772)

Supreme Court

*Andrew S. Halio*, Charleston, *for appellant.*

*Donald M. Holler*, Moncks Corner, *for respondent.*

Submitted Oct. 27, 1992.

Decided Feb. 1, 1993.

FINNEY, Justice:

Appellant Cordesville Pentecostal Holiness Church appeals the finding of the circuit court which held that pursuant to Rule 60(b), SCRCP, a final judgment may be vacated on the basis of a change of law. We reverse.

By complaint dated February 21, 1991, respondent Corrie Mae Wright instituted this personal injury action against Cordesville Pentecostal Holiness Church (Church) alleging that she was injured January 24, 1990, in a fall from a platform in the sanctuary of the church. Respondent, who is a member of the Church, asserts that her injuries were caused by the negligence of officers and/or members of the Church.

In its order dated June 18, 1991, the circuit court granted appellant's motion to dismiss the action, relying upon *Crocker v. Barr*, 295 S.C. 195, 367 S.E. (2d) 471 (Ct. App. 1988). The Court of Appeals' decision in *Crocker* held that a member of a voluntary unincorporated church association could not maintain an action in tort against the association seeking damages

for alleged injuries suffered by the member due to the negligence of fellow members. However, this Court reversed the Court of Appeals in *Crocker v. Barr*, 305 S.C. 406, 409 S.E. (2d) 368 (1991), and held that such actions may be maintained by a fellow church member.

On October 12, 1991, respondent filed a Notice of Motion to Set Aside Summary Judgment pursuant to Rule 60(b)(5). The trial judge on October 29, 1991, issued an order vacating summary judgment and restoring the case to the trial docket.

The sole issue before this Court is whether an unappealed final judgment may be vacated pursuant to Rule 60(b)(5), SCRCP, on the basis of a change of law. Rule 60(b) states, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, *or a prior judgment upon which it is based has been reversed or otherwise vacated*, or it is no longer equitable that the judgment should have prospective application. (Emphasis added.)

Subsection (5) of Rule 60(b) has been construed as inapplicable to prior judgments in instances where reversal is sought based upon a change in the law. "This ground is limited to cases in which the present judgment is based on the prior judgment in the sense of res judicata or collateral estoppel. It does not apply merely because a case relied on as precedent by the court in rendering the present Judgment has since been reversed." 11 Wright and Miller, *Federal Practice and Procedure* § 2863 (1973). "This clause does not permit relief when there has been a change in the law." Lightsey and Flanagan, *South Carolina Civil Procedure* § 407 (1985).

Federal courts applying Rule 60(b)(5) of the Federal Rules of Civil Procedure have consistently held that the "prior judgment" clause of Rule 60(b)(5) of the Federal Rules of Civil Procedure is not applicable when there has been a change in law. *See Tomlin v. McDaniel*, 865 F. (2d) 209 (9th Cir. 1989); *Harris v. Martin*, 834 F. (2d) 361 (3rd Cir. 1987); and *Marshall v. Board of Education, Bergenfield, N.J.*, 575 F. (2d) 417 (3rd Cir. 1978).

We hold, in accordance with the weight of authority, that Rule 60(b)(5) does not apply to a change in the law. *See Thompson v. Hammond,* 299 S.C. 116, 382 S.E. (2d) 900 (1989). The trial court's order vacating final judgment is reversed and summary judgment in favor of the Church is reinstated.

Reversed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.