Stephenson, J.
 

 The plea in abatement in civil cases in Ohio, while novel because it is unusual, is a perfectly good plea, and, in cases where it is permissible and proper, it should be encouraged, as it is a minimizer of time and expense.
 

 We note that the Trustees of Mad River Lodge No. 243, I. O. O. F., were made parties defendant herein. There are no allegations in the amended petition from which we can ascertain any particular reason why they should be made defendants. We assume that because they ordinarily represent the lodge they were regarded
 
 *60
 
 as proper parties defendant. The lodge has been treated by all parties as the real defendant. The issues are so made, and, as the question is purely one of liability, we will so treat it.
 

 For the purposes of the demurrer all facts well pleaded in the plea of abatement are admitted; hence we treat it as an admitted fact that "Walter Koogler, plaintiff below, was a member in good standing of Mad River Lodge No. 243,1. O. O. F., the trustees of which lodge he is suing, at the time of the injury, at the time he filed the suit, and at the time the demurrer to the plea in abatement was overruled and the plea sustained, and that such lodge was and is unincorporated.
 

 We have the one question: Are the Trustees of Mad River Lodge No. 243, I. O. O. F., an unincorporated association, liable in tort to Walter Koogler who was a member of such Lodge at the time of injury?
 

 Under Section 9462, General Code, Mad River Lodge No. 243, I. O. O. F., was and is a fraternal benefit society. By virtue of Section 10060, General Code, it may “sue or be sued, answer or be answered unto, plead or be impleaded in any court in this state.”
 

 These statutes simply give the lodge a statutory name or classification, and empower it to sue, be sued, etc. We get no help from these statutes on the question of liability.
 

 We get little help from cases cited by counsel. In many of the cases the lodge was a corporate entity. In others, a contractual relation was involved. In another class, the party suing had not as yet become a member, as, for instance, in actions for personal injuries received during the ritualistic process of initiation. The greater number of cases cited deal with actions for damages for expulsion. The party plaintiff had ceased to be a member of the lodge when suit was brought.
 

 If the lodge in question was an organization for profit it would be a partnership and there could be no
 
 *61
 
 liability. If not an organization for profit, the liability for tort rests on the principle of agency, and there may be liability.
 

 It might be insisted that the public generally knows that an Odd Fellows subordinate lodge is a voluntary association not for profit, hence the court should take judicial cognizance of such fact. This contention is not tenable.
 

 We have made some independent research in this case, and we find no case on all fours with it. Probably the nearest case in point is the case of
 
 Gilbert
 
 v.
 
 Crystal Fountain Lodge,
 
 80 Ga., 284, 4 S. E., 905, 12 Am. St. Rep., 255. This is a slander case in which the lodge was sued. The court held that there was no liability, and commented as follows: “We have been unable to discover any authority supporting the theory that a man can slander himself,' either when he speaks directly as an individual, or when he speaks indirectly through a partnership of which he is a member. Upon principle, we do not see how he could charge the partnership assets with the damages that might be recovered, he having an interest in the assets as part owner of the same. Nor can we see how he can escape the general rule that, in an action at law against a partnership, all the partners, so far as the partnership assets are involved, must be defendants.”
 

 The syllabus in that case reads: “An action for slanderous words spoken of and concerning the plaintiff by a mutual aid association, of which he was a member when the alleged tort was committed, will not lie against the association, sued as a partnership, but the redress, if any, is against the wrongdoers in their individual or non-partnership capacity. Nor does it make any difference in this respect, that in consequence of the slander, the plaintiff was suspended from the benefits of membership for a term of years, and that the action was brought pending this term of suspension.”
 

 
 *62
 
 This case cites
 
 Becket
 
 v.
 
 Sterrett,
 
 4 Blackf. (Inch), 499, and
 
 Shurtleff
 
 v.
 
 Stevens,
 
 51 Vt., 501, 31 Am. Rep., 698.
 

 The cases of
 
 Huth
 
 v.
 
 Humboldt Stamm No. 153,
 
 61 Conn., 227, 23 A., 1084, and
 
 McMahon
 
 v.
 
 Rauhr, 47
 
 N. Y., 67, support the contention of plaintiffs in error. Both of these cases were actions by members of unincorporated voluntary associations against the association, and in each case it was held that there was no liability. In following these cases we note that there is a distinction between slander and personal injury cases.
 

 The soundest reasoning applicable to this case, as we view it, is found in 7 Ruling Case Law, 824, Section 19, as follows: “If one [co-tenant] refuses to unite with the others, in making the repairs necessary to the use of the property, he cannot maintain an action against them for the loss sustained through want of such repairs, because no action lies where the damage happens by the negligence or default of the plaintiff himself.”
 

 We do not hold that Mad River Lodge was a partnership, but it is admitted that it was a voluntary unincorporated association. Each member contributed the same amount to the common enterprise. If benefits, sick or death, or both, were allowed, each member would be entitled to the same benefits. Each member has a right to occupy the lodge property in common with every other member. If the lodge owns its real estate, one member owns just as much as another; and if the lodge Ceased to function, and a division of the property was made, one member would get as much as another. It is equally the duty of all members to work for the success of the association. They labor toward a common end. Their interests, their purposes, their privileges, in fact all their activities, are joint. Then must it not necessarily follow that the lodge is a joint enterprise, and that as between those engaged
 
 *63
 
 therein there is no liability for tort? Such is the holding of this court.
 

 The judgment of the Court of Appeals is reversed and that of the court of common pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Allen, Jones and Matthias, JJ., concur.
 

 Bevis, J., not participating.