## Roschmann, Appellant, v. Sanborn et al., Trustees.

Argued April 11, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Ardemus Stewart,* with him *Albert T. Bauerle,* for appellant.—The doctrine of joint enterprise does not operate between guest-passengers in a motor vehicle, but only as between a guest-passenger and the driver or chauffeur: Dunlap v. P. R. T. Co., 248 Pa. 130; Hoffman v. R. R. Co., 278 Pa. 246; Kelly v. Agricultural Society, 286 Pa. 97; Campagna v. Lyles, 298 Pa. 352.

To fix on a passenger in a motor vehicle, in case of accident, the status of being engaged in a joint enterprise, there must be evidence which would warrant a finding that the injured passenger had some right to a voice in the control, management, or direction of the vehicle: Johnson v. Hetrick, 300 Pa. 225; Carlson v. R. R. Co., 305 Pa. 431; Wilson v. Walker, 313 Pa. 69.

The doctrine of joint enterprise is applied only in actions against a third person whose negligence is alleged to have caused the accident, and who defends on the ground of the contributory negligence of the plaintiff's driver, and sets up that the plaintiff was jointly responsible for its control and operation: Oestreich v. Zibman, 110 Pa. Superior Ct. 457.

The fact that the appellant is a member of the commandery does not preclude him from suing the aggregate membership of the commandery for the injuries which he suffered as a result of negligence for which the commandery is responsible: Phipps v. Jones, 20 Pa. 260; Liederkranz Singing Society v. Germania Turn Verein, 163 Pa. 265; First Reformed Presbyterian Church of Parnassus v. Carter, 7 Westmoreland L. J. 29; Maisch v. Order of Americus, 223 Pa. 199.

*Samuel Gordon,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, May 21, 1934:

Plaintiff in the court below obtained a verdict in an action of trespass to recover damages for personal injuries received by him resulting from a "blow-out" in the left rear tire of the motor bus in which he was riding. The bursting of the tire tore loose a board which struck and injured plaintiff's leg. Defendants are the trustees of Keystone Commandery No. 48, Patriotic Order Sons of America, herein called the Commandery, of which organization plaintiff is a member. The society is an unincorporated beneficial association organized for patriotic and fraternal purposes. Plaintiff appeals from the action of the court below in entering judgment for defendants non obstante veredicto.

On October 20, 1929, the day of the accident, appellant, together with other members of the order, and their wives and children, were on a pleasure trip to Delaware Water Gap from Philadelphia, traveling by motor bus. The blow-out occurred shortly after the bus had passed through the City of Easton. At the trial appellant sought to introduce testimony showing the bus was the property of the Commandery, that the driver was the employee of the order, and the occupants of the machine were passengers for hire, traveling as members of the Uniformed Rank, a subsidiary organization within the order. The negligence averred was excessive speed, careless operation of the car, and failure to inflate and maintain the tires properly. These issues were left to the jury, and although a question appears whether sufficient evidence of negligence was adduced to warrant submitting the case to the jury, we need not pursue the subject inasmuch as it is clear that judgment non obstante veredicto was correctly entered on other grounds.

The testimony plainly indicates no substantial distinction exists between the Uniformed Rank and the parent organization, the Commandery. As stated in appellant's brief, "though the Uniformed Rank is in one sense a branch of the Commandery, it is not a separate and dis-

tinct branch, but draws its life from the Commandery and has no existence save as an integral part of the Commandery, and is described in the by-laws as 'the Uniformed Rank of this Commandery.' Its members are members of the Uniformed Rank solely because they are members of the Commandery, and they pay dues and receive benefits equally as the nonuniformed members, and attend the meetings of the Commandery, like other members." Under these facts it is not important whether the bus was owned by the Commandery, as contended by plaintiff, or by the Uniformed Rank, as argued by defendant. In either event it was the property of the order of which appellant and his companions were members. The outing to Delaware Water Gap was arranged by Hamilton, one of defendants, who was both a trustee of the Commandery and Captain of the Uniformed Rank. He had charge of the bus, engaged the driver, and accompanied the party as director.

We are of opinion that in these circumstances there is no basis for establishing liability on the part of the trustees of the Commandery. Had the bus been rented to an entirely separate organization for use on an outing, perhaps a different question would be raised, but in the case before us appellant is attempting to recover from his own trustees, naming as a defendant one who was a companion on the trip, for the alleged negligence of the driver of the bus or other persons having its custody and care. The outing on which appellant was injured was obviously a joint enterprise. The expenses were shared equally by all and the trip was undertaken with a common purpose, a social excursion with a common destination. Each member of the order had an equal voice in the control of the bus, but as a practical matter for the convenience of all, the right of each member to direct or control the movements of the bus was delegated to an elected officer, defendant Hamilton. For the purposes of this trip, Hamilton was the agent of appellant, and if injury resulted from the negligence of Hamilton's em-

ployee, it is equally imputed to appellant as a member of the joint enterprise. "If two or more persons unite in the joint prosecution of a common purpose under such circumstances that each has authority, express or implied, to act for all in respect to the control of the means or agencies employed to execute such common purpose, the negligence of one in the management thereof will be imputed to all the others": Koplitz v. St. Paul, 86 Minn. 373; 58 L. R. A. 74, 75. See also Wagner v. Kloster, 188 Iowa 175, and 45 C. J. 1020, section 574. Although in Johnson v. Hetrick, 300 Pa. 225, grave doubt was expressed as to whether the negligence of the driver of an automobile could be imputed to a passenger therein in a suit between the two, even though they were engaged on a joint enterprise, and notwithstanding that in Perry v. Ryback, 302 Pa. 559, we held that the doctrine of imputed negligence arising from a joint enterprise has no application where the suit is between an injured passenger and the driver of the car, neither of these cases is authority for permitting a recovery in this instance. In Perry v. Ryback, supra, we said, page 565: "We do not here determine liability if the car is driven other than by the owner."

In the case at bar, recovery is sought against defendants for the negligence of their servant, the bus driver. Even if it is conceded the driver was the employee of the trustees of the Commandery, he was equally the agent and servant of appellant for the purposes of the trip to Delaware Water Gap. Such being the case, appellant cannot recover damages since the negligence of the driver is imputed as much to him as to defendants. For the reasons just stated, it is clear there is no liability on the part of the trustees of the Commandery for the injuries received by appellant, and judgment non obstante veredicto was properly entered in their favor.

The judgment is affirmed.