DeVillars et vir, Appellants, *v.* Hessler et al.

Argued November 14, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*F. Joseph Thomas,* for appellants.

*Stuart A. Culbertson,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, January 3, 1950:

In this case plaintiffs filed a complaint, defendants an answer together with new matter, and plaintiffs a reply to the new matter. The court sustained a motion

by defendants for judgment on the pleadings, the question involved being the right of a member of an unincorporated association to recover from it for injuries sustained through a tort committed by other members in carrying out an association project.

Accepting as true all the allegations contained in plaintiff's complaint and their reply to new matter, it appears that Kiser Hill-Mead Grange is an unincorporated fraternal association in Crawford County. At the Crawford County Fair it had a concession for the sale of food. Defendants (who are respectively designated in the action as the master, the overseer, the treasurer, and the members of the executive committee) were in charge of the operation of this concession. They requested the wife plaintiff to serve in the capacity of cooking and dispensing the food, and, for the purpose of preparing the food, they provided a protane gas steam table. When the wife plaintiff, in the course of the performance of her duties, attempted to light the burners of the table, it exploded, causing injuries to her for which she and her husband brought the present suit. Plaintiffs assert that defendants were negligent in furnishing a defective, inadequate and unsafe steam table which was so improperly connected that it could not safely be lighted, in failing to provide adequate means to prevent it from remaining lighted, and in failing to notify her that it was unsafe and unfit for use and that it was dangerous to light it. In their reply to new matter they admit that the wife plaintiff is not only a member of the association but also its secretary, that she actively participated in the endeavor of the association to raise funds and in the conduct of its concession at the Crawford County Fair, and that although she did not actively participate in the purchase of the table it was bought by virtue of her own motion. They further admit that in operating the steam table she did so for the benefit of the association when

the persons in charge were absent and could not be found.

There can be no question but that the wife plaintiff and her fellow members who participated in the operation of the concession on behalf of the association were engaged in a joint enterprise. It is true that that would not prevent her from holding the other participants liable for personal injuries inflicted by their negligence in the prosecution of the common undertaking, for no person may negligently injure another without being responsible for damages (*Johnson v. Hetrick*, 300 Pa. 225, 150 A. 477; *Perry v. Ryback*, 302 Pa. 559, 153 A. 770). Plaintiffs would therefore have been entitled to recover from those who were the actual tortfeasors had plaintiffs brought suit against them in their individual capacities; they named, however, as defendants, in addition to the Grange itself, its officers and the members of its executive committee by their official designations. The legal identity of these officers and committeemen is wholly distinct from their identity as individuals, so it must be assumed that they were joined as defendants merely in their capacity as representatives of the Grange and not as persons as to whom individual liability was sought to be asserted.

The real question in the case therefore resolves itself into whether this action can be maintained against the *association* on the ground that the members who allegedly committed the tort were acting on its behalf and for its benefit. The weakness of plaintiffs' case, from the legal standpoint, arises from the fact that not only was the wife plaintiff an active participant in the general conduct of the concession at the fair but she voluntarily assumed a participating role in the operation of the steam table. Being thus coöperatively engaged with those who were allegedly guilty of negligence she became subject to the legal principle that where persons join in the prosecution of a common enterprise there is

thereby created a mutual relationship of agency among them, with the result that the negligence of any of them is imputed to each and all of them. Since, therefore, the negligence of which she complains is legally imputed to herself, she cannot recover from the association or from any of its members, other than, as already stated, the individuals who actually committed the tort which caused her injuries.

In *Roschmann v. Sanborn*, 315 Pa. 188, 172 A. 657, the members of an unincorporated fraternal association participated in a social excursion in a bus owned by the organization; the bus was negligently operated and one of the members was injured; he brought suit against the organization through its trustees; it was held that, the outing being a joint enterprise, he could not recover because the negligence of the driver of the bus was imputed to him the same as to all the other members of the organization.

In *Koogler v. Koogler*, 127 Ohio St. 57, 186 N. E. 725, plaintiff, a pedestrian on the street, was struck by a fire escape falling from a building. He was a member of the fraternal unincorporated association which owned the building and which had negligently failed to inspect the fastenings of the fire escape. He was denied the right of recovery, the court stating (pp. 62, 63, N. E. p. 727) that "If the lodge owns its real estate, one member owns just as much as another; . . . It is equally the duty of all members to work for the success of the association. They labor toward a common end. Their interests, their purposes, their privileges, in fact all their activities, are joint. Then must it not necessarily follow that the lodge is a joint enterprise, and that as between those engaged therein there is no liability for tort? Such is the holding of this court."

In *Hromek v. Gemeinde*, 238 Wis. 204, 298 N. W. 587, the plaintiff, a member of an unincorporated labor union, was injured by falling over a platform which had been

allowed to remain in an improper and unsafe position. He brought suit, naming the union as one of the defendants; the appellate court reversed a judgment against the union, saying (pp. 209, 210, N. W. p. 589) "It [the association] has no entity or existence apart from that of its members, although for convenience it is permitted that the group comprising the union be sued in the name adopted by the association. This is a procedural provision and does not in any way change the status of the group or its substantive liabilities. . . . It is the well-established law that while a principal may sue an agent for dereliction of duty, he may not sue his coprincipals for the dereliction of their common agent. . . . 'It is true that both these bodies [the executive committee and a sub-committee of the union] were appointed by the general body of members, and as such they are the agents of the members; but they are just as much the agents of the plaintiff as the agents of his fellow members whom he seeks to make liable under their collective name' ".

It follows from the application of the legal principle involved and from the illustrative cases thus cited that the court below was right in directing that judgment be entered for defendants upon the pleadings.

Order affirmed.