518 A.2d 7

Edward G. Weaver and Irene Weaver, his wife, Appellants *v.* Union City Volunteer Fire Department, Appellee.

Argued October 7, 1986, before President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Donald L. Best, Jr., Jones, Gregg, Creehan and Gerace,* for appellant.

*John O. Dodick,* with him, *Donald E. Wright, Jr., Knox, Graham, McLaughlin, Gornall and Sennett, Inc.,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 24, 1986:

The subrogee[1] to Edward and Irene Weaver appeals an Erie County Common Pleas Court order granting Union City Volunteer Fire Department's (Volunteer Department) motion for summary judgment. We affirm.

The Weavers sustained property damage due to a fire set by the Volunteer Department during a firefighting training exercise. The fire spread from the Weavers' old barn, the subject of the training exercise, to their new barn.[2] The Weavers' subrogee alleged essentially

---

[1] Yorktown Mutual Insurance Company of York, Pennsylvania.

[2] The Weavers permitted Union City to set fire to their old barn for the purposes of a firefighting training exercise. Unfortunately, the fire spread to their nearby new barn.

that the Volunteer Department negligently failed to contain the fire.

A trial court may grant summary judgment when, upon viewing the record most favorably to the non-moving party, it concludes that there is no issue of material fact and that the movant is entitled to judgment as a matter of law. *Nordmann v. Commonwealth,* 79 Pa. Commonwealth Ct. 187, 468 A.2d 1173 (1983).

The common pleas court granted summary judgment because it found Union City was a local agency entitled to governmental immunity under 42 Pa. C. S. §§8541—8564.[3]

The subrogee contends that the Volunteer Department is not immune because the firefighting training exercise was not an act on behalf of the Borough of Union City. We disagree.

In *Wilson v. Dravosburg Volunteer Fire Department No. 1,* 101 Pa. Commonwealth Ct. 284, 516 A.2d 100 (1986), we held that volunteer fire companies are local agencies entitled to governmental immunity under the 1980 Immunity Act.[4] There we stated that "[v]olunteer fire companies, *in the performance of public firefight-*

---

[3] The common pleas court granted summary judgment based upon 42 Pa. C. S. §8553(d), which provides that the amount of insurance benefits received for "losses for which damages are recoverable" shall be deducted from the claimant's recoverable damages. The court found that the Weavers' receipt of insurance benefits fully compensated their loss. While we agree that Union City is a local agency, we conclude that the common pleas court erred in relying upon Section 8553(d) as the basis for summary judgment. Since Union City is entitled to governmental immunity, and none of the exceptions contained in Section 8542(d) are applicable, the Weavers' losses are not "recoverable." Therefore, Section 8553(d) is inapplicable.

[4] 42 Pa. C. S. §§8501—8564.

*ing duties,* exists as an entity acting on the behalf of local government units." *Id.,* at 287, 516 A.2d at 102 (emphasis added).

The Borough of Union City officially recognized the Union City Volunteer Fire Department within the borough.[5] Thus, the Volunteer Department's acts which can be classified as public firefighting duties are deemed to be on behalf of the borough. We conclude that Union City's firefighting training exercise was within the scope of its public firefighting duties. Therefore, Union City is entitled to immunity under the 1980 Immunity Act.

We hold that the common pleas court properly granted the motion for summary judgment.

ORDER

The Erie County Common Pleas Court order, No. 4829-A-1984 dated June 6, 1985, is affirmed.

---

[5] Exhibit A on page 10 of Document No. 14 of the record, contains a copy of Union City Ordinance No. 755, adopted by the Union City Borough Council on December 16, 1969, titled "AN ORDINANCE OF THE BOROUGH OF UNION CITY, ERIE COUNTY, PENNSYLVANIA, PROVIDING FOR THE RECOGNITION OF THE UNION CITY VOLUNTEER FIRE DEPARTMENT, PROVIDING FOR ITS FINANCIAL SUPPORT, AUTHORIZING IT TO PROVIDE A COMMUNITY AMBULANCE SERVICE, AND SETTING FORTH RULES AND REGULATIONS GOVERNING ITS ORGANIZATION AND OPERATIONS."