## Cotter v. Conneaut Lake Park Volunteer Fire Department

236

*Robert T. Kane,* for plaintiffs.
*Mark E. Mioduszewski* and *Jane Ann Thompson,* for defendants.

THOMAS, *P.J.,* January 5, 1989—This matter is before the court on defendant's motion for summary judgment arising out of a series of events which occurred at the fire hall of the Conneaut Lake Park Volunteer Fire Department between the evening hours of October 16, 1983, and the early morning hours of October 17, 1983. Plaintiffs have alleged that plaintiff/husband, William Cotter, arrived at the fire hall at approximately 6:00 p.m., Sunday, October 16, 1983, sober and in good health. While at the fire hall, employees of the fire hall served plaintiff/husband alcoholic beverages and allegedly continued to serve him such beverages after he was visibly intoxicated. At approximately midnight defendant Richard Dennis relieved the bartender on duty and continued to tend bar. Plaintiffs allege that at some time in the early morning hours of October 17, 1983, plaintiff/husband either fell off his bar stool or an altercation arose in the fire hall between him and defendant Richard Dennis. Plaintiffs claim that plaintiff/husband was later found near the bar "face down in a pool of blood" by the janitors. It is alleged defendant Richard Dennis cleaned the blood from plaintiff/husband, but did nothing further to help plaintiff/husband receive medical treatment. In-

stead, at some point in time between 6:30 a.m. and 7:00 a.m. defendant Richard Dennis transported plaintiff/husband to the Fairway Motel where plaintiff/wife, Dorothy Cotter, was working. Plaintiffs allege defendant Richard Dennis at this time did not indicate that plaintiff/husband was injured, but stated that her husband was intoxicated and needed to sleep it off. Plaintiff wife had defendant Richard Dennis put her husband into a bed at the Fairway Motel. Around 3:30 p.m. that same day plaintiff/wife in checking on her sleeping husband found him unconscious and discovered many bruises and lacerations on his face and body. She took her husband to the hospital where he was hospitalized from October 17, 1983, through November 16, 1983.

Plaintiffs allege that the injuries to the plaintiff/husband resulted from either a fall from the bar or an altercation between him and defendant Richard Dennis. They further allege that the numerous bruises and lacerations sustained to plaintiff/husband's head and torso have caused him permanent brain damage, and that defendants are liable for their negligence in servicing plaintiff/husband after he was intoxicated; in failing to protect the intoxicated plaintiff/husband from other patrons and defendant Richard Dennis; and in failing to render proper care to the husband when Richard Dennis knew or should have known of the husband's serious injuries.

Defendants argue that they are not liable for plaintiff/husband's injuries and are entitled to summary judgment for the following three reasons:

(1) Defendants are shielded from immunity under the Pennsylvania Governmental Immunity Act, 42 Pa.C.S. §8541 et. seq.;

(2) Plaintiffs have presented no evidence to support the allegation that plaintiff/husband's injuries resulted from an altercation involving defendant Richard Dennis;

(3) Plaintiff/husband, as a member of defendant fire department, cannot impose liability against the fire department or another member thereof for injuries allegedly sustained by the tortious conduct of the fire department or another member of the fire department.

Defendants postulate that under the Governmental Immunity Act, 42 Pa.C.S. §8541, et seq., local agencies and employees are immune from liability. They cite the case of *Wilson v. Dravosburg Volunteer Fire Department,* 101 Pa. Commw. 284, 516 A.2d 100 (1986); and *Weaver v. Union City Volunteer Fire Department,* 102 Pa. Commw. 298, 518 A.2d 7 (1986), in support of their argument that volunteer fire departments are local agencies and are immune from liability arising from the torts of their servants. Defendants argue that the fire hall in which the husband allegedly was injured is an integral part of the fire department, without which the fire department could not exist, because it depends on the fire hall activities for income and donations. Defendants, therefore, claim that defendant fire department and its employee, defendant Richard Dennis, are immune from liability for plaintiff/husband's alleged injuries.

In examining the cases cited by defendants, we find that the Commonwealth Court in *Wilson* looked at the definition of "government agency" as defined in 42 Pa.C.S. §102 in determining whether a volunteer fire department is a "local agency" under the act. The court concluded:

"We construe the term local agency to include volunteer fire companies as a government unit

entitled to immunity under the 1980 Immunity Act. Volunteer fire companies, *in the performance of public firefighting duties,* exist as an entity on behalf of local government units." *Wilson* at 287, 516 A.2d 102. (emphasis supplied)

The court's reasoning is repeated in the *Weaver* case, in which the court held that defendant volunteer fire department was not liable for property damage which occurred during a firefighting exercise. The Commonwealth Court cited the *Wilson* case and concluded that the fire department's "firefighting training exercise was within the scope of its public firefighting duties," and therefore, it was entitled to immunity under the 1980 Immunity Act. *Weaver, supra.* We also note the case of *Zern v. Muldoon,* 101 Pa. Commw. 258, 516 A.2d 799 (1986), cited in defendants' brief, in which the Commonwealth Court discussed a volunteer fire department's immunity from liability when it was acting in furtherance of its corporate purpose — i.e., fire prevention, control and extinguishment.

The *Wilson, Weaver* and *Zern* cases led us to believe that the legislature intended the Governmental Immunity Act to apply to such as city police departments, township highway maintenance crews, and *volunteer fire departments.* However, the proprietary function of a fire hall, while supportive of and necessary for the fire department's existence, is not a function unique to governmental duties. We believe that it would be stretching the scope of the Governmental Immunity Act to conclude that the act provides immunity to all proprietary functions of a local agency for any tortious liability incurred by the agency's employees. We, therefore, reject defendants argument that the Immunity Act shields them from liability.

Defendants next argue that they are not liable because plaintiffs have presented no evidence to support the allegation that defendant Richard Dennis engaged in any willful misconduct which would take him outside the protection of the Governmental Immunity Act. We reject this argument, having already stated that we do not believe that an issue exists as to whether defendant Richard Dennis committed a battery upon plaintiff/husband and that plaintiffs should be permitted to explore the issue further during discovery.

Defendants cite the recent case of *Plasterer v. Paine,* 375 Pa. Super. 407, 544 A.2d 985 (1988), in support of their final argument that plaintiff/husband, as a member of defendant fire department, cannot impose liability against the fire department or another member thereof for injuries allegedly sustained by the conduct of the fire department or another member. Defendants state that the facts in the present case bear a compelling similarity to those in *Plasterer.* Plaintiff in *Plasterer* was a member of a fire company's social club who sued the social club and another member, Mr. Paine, for injuries he sustained in an altercation with Mr. Paine occurring in the social club's barroom. On appeal, the Superior Court affirmed the trial court's judgment n.o.v. in favor of the fire company, holding that Mr. Plasterer:

"[A]s a member of an unincorporated association may not recover from the association in tort because the negligence of a member, including the association and its officers, is imputed to all of its members." *Plasterer, supra.*

While the *Plasterer* case appears to be factually similar, a closer look reveals an important distinguishing factor between the two cases. In *Plasterer,* plaintiff and defendant, Paine, were members of the

social club and had authority to vote; thus, they both had an equal voice in the control of the club and the barroom. Plaintiff/husband states in an affidavit attached to plaintiffs' brief that at the time of his injuries in 1983 he was a "social member" of defendant fire department. We note that according to the by-laws of defendant fire department, attached to defendants' supplemental brief, a social member does not have the right to vote. Such a member would be excluded from participating in any decision-making by defendant fire department. The status of defendant Richard Dennis, as stated by defendants in their original brief, is that of an employee of defendant fire department. It, therefore, appears in contrast to *Plasterer,* that plaintiff/husband is a social member having no voting rights, thus having no voice in the hiring of an employee such as defendant Richard Dennis and that defendant Richard Dennis is not even a member. Thus, the parties' relationship to the fire department in this case are decidedly different than they were in *Plasterer* — two members on equal terms participating in the activities of an association and having equal voting powers.

The rationale behind the Pennsylvania law of imputing the negligence of one member of an association to all of its members and officers is that all the members work jointly toward achieving a common goal, each having an equal say and equal responsibility in the operations and functions of the association; thus, a member injured as a result of the tortious conduct of another member is just as liable himself for that conduct as is the member causing the injury and all the other members of the association. We do not believe that this rationale is applicable to the situation in the present case in light of the facts as they appear from the record at this time.

Pursuant to Pa.R.C.P. 1035, a motion for summary judgment may be entered only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. We find that there exist genuine issues of fact as to whether defendant Richard Dennis committed a battery upon plaintiff/husband, and as to the real status of plaintiff/husband and defendants. We believe that such issues should be explored further during discovery. We do not find that defendants have pled facts sufficient to show that they are shielded from liability under the Governmental Immunity Act and to entitle them to judgment as a matter of law. Accordingly, we deny defendants' request for summary judgment.