581 A.2d 1388

**Marie D. ZEHNER & George Zehner, H/W, Appellants,**

**v.**

**WILKINSON MEMORIAL UNITED METHODIST CHURCH, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1990.

Filed Nov. 5, 1990.

Larry H. Lefkowitz, Philadelphia, for appellants.

Keith D. Heinold, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and HUDOCK, JJ.

CAVANAUGH, Judge.

This is an appeal from an order granting summary judgment in favor of appellee, Wilkinson Memorial United Methodist Church. For the reasons set forth below we affirm.

Appellant, Marie Zehner was injured when, while leaving Christmas services at appellee church, she fell down the steps leading to the vestibule. She asserts that the church was negligent and that this negligence was the cause of her fall. The negligence alleged was the failure of the board of directors to provide adequate lighting, handrails and diagonal stripes on the stairs. Mrs. Zehner admits that, at the time the board voted on the addition of these items, she was a member of that board. She argues however that at the time of her fall she was on church property as a member of the general public and as such is entitled to recover as a member of the general public under Restatement Torts (2d) § 344. Appellant argues that she was a member of the general public at the time of her fall and not "actively engaged in a particular association project." She wishes to have her status on the premises at the time of injury determine her ability to bring this action.

The law in Pennsylvania is clear:

... the members of an unincorporated association are engaged in a joint enterprise, and the negligence of each member in the prosecution of that enterprise is imputable to each and every other member, so that the member who has suffered damages ... through the tortious conduct of another member of the association may not recover from the association for such damages.

*Plasterer v. Paine*, 375 Pa.Super. 407, 411, 544 A.2d 985, 987 (1988) (citing Anno. 14 A.L.R.2d 473–474.). The question is not one of appellant's status on the property or the duty owed her, but rather her capacity to sue an unincorporated association to which she belongs. The well settled rule in Pennsylvania is that members of unincorporated associations can not sue the association in tort. This rule is not based on their status on the premises at any given moment but on their membership in the association. In *Plasterer, supra,* this court stated:

> ... even though the two leading Supreme Court cases "arise out of circumstances where the injured party was actively engaged in a particular association project," it is apparent from the cases cited by the Supreme Court in its opinion that its decisions did not rest on such narrow ground.

*Id.,* 375 Pa.Superior Ct. at 413, 544 A.2d at 987–988. In *DeVillars v. Hessler,* 363 Pa. 498, 70 A.2d 333 (1950), a member of a fraternal group was injured when the propane steam table she was attempting to ignite exploded. In arriving at its conclusion that she could not recover from the association, the Court cited *Koogler v. Koogler,* 127 Ohio St. 57, 186 N.E. 725 (1933). In *Koogler,* a member of a fraternal association was walking on the street near a building owned by the association. The fire escape broke away from the building and fell on him. The court held that his status as a member prevented him from recovering against the association.

The fact that members of the general public were present or allowed to be present does not affect the relationship of appellant to the unincorporated association. Here, appellant was a member of the association and thus any negligence of her fellow members is imputed to her and she cannot recover in tort. This is particularly true in this case where appellant sat on the board of directors during the very meeting at which the negligence is alleged to have occurred.

As for appellant's argument that we should create an exception to this rule for members who qualify as "invi-

tees" under Restatement Torts (2d) § 332, we reiterate what we said in *Plasterer, supra,* "... like a trial court, this Court is not permitted to usurp the function of the Pennsylvania Supreme Court. Therefore, the law on the imputed negligence of unincorporated associations will remain the same until the Pennsylvania Supreme Court addresses the issue." *Id.,* 375 Pa.Superior Ct. at 416, 544 A.2d at 989.

Appellant was a member of the church, an unincorporated association, at all times material to this case. As a member of the association and especially as a member of the board of directors, the decision not to place a handrail, lights, and stripes on the stairway is attributed to her. She cannot recover in tort because any negligence of the board is attributed to her.

The order granting the appellee's motion for summary judgment is hereby affirmed.