**Pashkes v. Magyar**

*Stephen J. Pokiniewski,* for plaintiff.
*John A. Statler,* for defendants Pi Kappa Alpha.
*David J. Solfanelli,* for defendants Kleppel and Mason.
*Anthony J. Piazza,* for defendant Magyar.
*Kathryn A. Dux,* for defendant Johnson.
*Robert Hallinger,* for defendant Perry.

LUNSFORD, *J.,* June 27, 2007—This action arises from personal injuries plaintiff David Paschkes sustained during an assault at a fraternity house owned by defendant Beta Alpha Building Corporation of the Pi Kappa Alpha Fraternity (PIKA) and operated by defendant Beta Alpha Chapter of PIKA (collectively, the PIKA defendants). Plaintiff filed a complaint against the PIKA defendants as well as defendants Matthew Ryan Magyar, William Tyler Johnson, Jarret Mason Kleppel, Matthew N. Perry, and James J. Sisson, seeking tort damages. The PIKA defendants filed preliminary objections in the form of demurrers to the negligence claims, a motion to dismiss for lack of capacity to sue, and a motion to dismiss for nonjoinder of necessary parties. For the reasons discussed below, the court sustains the demurrers, reserves

decision on the issue of lack of capacity and overrules the objection based on nonjoinder.

## BACKGROUND

The following facts are alleged in the complaint. In the early morning hours of October 23, 2004, plaintiff, a PIKA alumnus, was visiting the PIKA house as a guest. At about 2:30 a.m., he was sitting in the lounge of the PIKA house, speaking with a friend. Unbeknownst to him, but known to the PIKA defendants, members of another fraternity, Kappa Delta Rho (KDR), suspected members of PIKA of stealing a KDR ritual book. In fact, KDR members had made plans to enter the PIKA house that morning to retrieve the book by force.

At about 2:35 a.m., 25-35 members of KDR, including the individual defendants, entered the PIKA house, yelling, screaming, and demanding return of the ritual book. Plaintiff and several PIKA members approached the intruders and repeatedly ordered them to leave. Various fights broke out. Defendant Magyar struck plaintiff in the left eye, and plaintiff fell to the ground, where he was kicked repeatedly.

As a result of the assault, plaintiff sustained numerous personal injuries, including bruising, abrasions, a severe flapping of the mala eminence, V2 paresthesia, periorbital ecchymosis, conjunctival chemosis, and subconjunctival hemorrhage. The facture injury has required two surgeries, extensive aftercare, and a resulting loss of time from work and other activities.

On June 6, 2006, plaintiff filed the complaint in the United States District Court for the Middle District of

Pennsylvania, seeking to hold defendants responsible for his injuries. Counts V and VI of the complaint assert negligence claims against the PIKA defendants based on a theory of premises liability.

On December 8, 2006, the case was transferred to this court. On May 7, 2007, the PIKA defendants filed the instant preliminary objections. Both parties have filed briefs for the court's consideration.

### A. *Demurrers*

### 1. Standard of Review

In considering the PIKA defendants' demurrers to plaintiff's negligence claims pursuant to Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure, the question is whether, accepting as true all well-pleaded allegations that are material and relevant, the law will not permit recovery. *Sullivan v. Chartwell Investment Partners LP,* 873 A.2d 710, 714 (Pa. Super. 2005). The question must be decided solely on the basis of the pleadings, and a demurrer should be overruled unless it is clear from the face of the complaint that the claims cannot be sustained. *Id.* In case of any doubt, a demurrer should be overruled. *Id.*

The PIKA defendants assert the law will not permit recovery on plaintiff's premises liability claims because they did not have a duty to protect him from unknown hazards. They further assert they cannot be held liable in negligence because plaintiff's injuries were caused by intervening criminal acts of independent third parties. Plaintiff contends he was entitled to be protected from criminal acts of third parties, or at least to be warned

about the danger of a potential altercation with KDR members. The court agrees with the PIKA defendants that plaintiff has not pled a negligence cause of action under either a premises liability theory or by virtue of a general duty to protect him from acts of third parties.

## 2. Premises Liability

Plaintiff's claims against the PIKA defendants are based on their duties as landowners. A landowner's duty to an entrant on the land depends upon the entrant's status as an invitee, licensee, or trespasser. See *T.A. v. Allen,* 447 Pa. Super. 302, 309, 669 A.2d 360, 363 (1995). An invitee is one who is enticed or encouraged to enter land for a public or business purpose. *Id.* at 309-10, 669 A.2d at 363 (citing Restatement (Second) of Torts §332). Landowners owe invitees a duty of reasonable care, which includes a duty to protect them from dangerous conditions and activities. See *id.* at 310, 669 A.2d at 364 (citing Restatement (Second) of Torts §342).

A licensee is one who is not an invitee but who has permission to enter the land. *Id.* at 309, 669 A.2d at 363 (citing Restatement (Second) of Torts §330). Landowners only owe licensees a duty to warn them of known dangerous conditions on the premises. See *T.A. v. Allen,* 447 Pa. Super. 302, 669 A.2d 360 (1995). Criminal acts of third persons are not "dangerous conditions" within the meaning of this rule. See *id.* As the Pennsylvania Supreme Court explained in a landlord/tenant case, there is a "crucial distinction between the risk of injury from a physical defect in the property, and the risk from the criminal act of a third person. In the former situation the [landowner] has effectively perpetuated the risk of in-

jury by refusing to correct a known and verifiable defect. On the other hand, the risk of injury from criminal acts of third persons arises not from the conduct of the [landowner] but from the conduct of an unpredictable independent agent." *Feld v. Merriam,* 506 Pa. 383, 392, 485 A.2d 742, 746 (1984). Trespassers are owed the lowest duty and are not at issue in this case.

The allegations of the complaint support only the conclusion that plaintiff was a licensee. He alleges he was visiting a friend at the PIKA house at the time of the assault. He further alleges that he was a "guest" and was "appropriately present" in the house on the evening of the altercation. He does not allege that he was invited to the house or that he was present for any public purpose or any purpose relating to business dealings with PIKA. Accordingly, there is no legal or factual basis for a finding that plaintiff was an invitee. *Palange v. City of Philadelphia,* 433 Pa. Super. 373, 377, 640 A.2d 1305, 1307 (1994) (in a slip and fall case, where there were no allegations or evidence supporting a finding that the plaintiff was an invitee, the court found plaintiff to be a licensee as a matter of law). As a licensee, plaintiff was entitled only to be placed on the same footing as the PIKA defendants with respect to known dangerous conditions.

Plaintiff fails, however, to allege any known dangerous condition. A potential altercation is not a "condition" of the land. See *T.A. v. Allen,* 447 Pa. Super. 302, 309, 669 A.2d 360, 363 (1995); *Feld v. Merriam,* 506 Pa. 383, 392, 485 A.2d 742, 746 (1984). Even if it were, he alleges only that members of PIKA were aware of a conflict over a missing ritual book, not that they knew an intrusion

and assault were going to occur. Accordingly, no factual basis is pled for holding the PIKA defendants liable for plaintiff's injuries on a premises liability theory.

### 3. Duty To Protect Against Criminal Acts by Third Parties

Nor has plaintiff pled a claim for negligence based on a general duty to protect others from criminal acts of third parties. Only in certain special relationships is a duty imposed to control a third party or to protect a victim. See *T.A. v. Allen,* 447 Pa. Super. 302, 669 A.2d 360 (1995) (citing Restatement (Second) of Torts §315). The relationships giving rise to a duty to control include a parent's duty to control a child, a master's duty to control a servant, a landowner's duty to control a licensee, and a duty of a person in charge of an individual with dangerous propensities to control that individual. See *McCandless v. Edwards,* 908 A.2d 900, 903 n.1 (Pa. Super. 2006) (citing Restatement (Second) of Torts §§316-319). The relationships giving rise to a duty to protect include a common carrier's duty to passengers, an innkeeper's duty to protect guests, the duty of a landowner who holds his land open to the public for business purposes, a duty of an owner of lands of public resort, and a duty of one who takes custody of an individual to protect the individual. *T.A. v. Allen,* 447 Pa. Super. 302, 308, 669 A.2d 360, 362-63 (1995) (citing Restatement (Second) of Torts §314A). Plaintiff has not alleged any special relationship or other basis for imposing on the PIKA defendants a duty to protect plaintiff from third parties.

Because plaintiff has failed to plead any basis for imposing a duty on the PIKA defendants, as landowners

or otherwise, to protect him from the acts of KDR members, Counts V and VI of the complaint are dismissed, without prejudice. Plaintiff may, if he is able, amend the complaint to allege a basis for recognizing a duty to protect.

## B. *Lack of Capacity To Sue*

The PIKA defendants next contend plaintiff's cause of action must be dismissed pursuant to Rule 1028(a)(5) of the Pennsylvania Rules of Civil Procedure for lack of capacity to sue. Specifically, they contend that plaintiff, as a member of PIKA, an unincorporated association, cannot sue PIKA. They rely on the Superior Court's holding in *Plasterer v. Paine,* 375 Pa. Super. 407, 418, 544 A.2d 985, 990 (1988) that members of an unincorporated association may not recover from the association for negligence because the negligence of the association is imputed to all its members. Plaintiff alleges that PIKA is a corporation, not an unincorporated association, and that he is a former, not current, member of PIKA.

This objection raises fact disputes which cannot be determined from the present record. The court will reserve decision on this objection until after a factual record has been made, by the filing of affidavits, depositions, or otherwise. See Pa.R.C.P. 1028(b)(2); see also, *Luria v. Luria,* 220 Pa. Super. 168, 286 A.2d 922 (1971) (when a fact dispute is raised by preliminary objections, the court is required to take evidence to resolve the dispute).

## C. *Failure To Join Necessary Party*

The PIKA defendants also object, pursuant to Rule 1028(a)(5), to plaintiff's failure to join as necessary par-

ties other members of KDR who were involved in the altercation. They contend those individuals are necessary to resolve the controversy and render complete relief. Plaintiff responds that he may choose which parties to sue, and defendants may join additional parties if they choose to do so.

Other KDR members who may have acted in concert with the individual defendants are not indispensable or necessary parties to this tort action. A party is indispensable, and must be joined, when his rights are so connected with the claims at issue in an action that any relief granted will infringe upon those rights. See also, *Pennsylvania Human Relations Commission v. School District of Philadelphia,* 167 Pa. Commw. 1, 651 A.2d 177 (1994). A party is necessary, although not indispensable, if his presence is needed to resolve the dispute and render complete relief. *Id.* Thus, for example, parties with joint interests in the subject matter of an action must be joined. See Pa.R.C.P. 2227. Parties who are jointly and severally liable, however, need not be joined, as the plaintiff can recover fully from any one of a group of joint tort-feasors. See *e.g., Baker v. AC& S Inc.,* 729 A.2d 1140 (Pa. Super. 1999) (citing 42 Pa.C.S. §8322).

Plaintiff asserts that members of KDR acted in concert in committing the alleged torts. If those allegations are true, those members are joint tort-feasors and are jointly and severally liable. See section 8322. Accordingly, plaintiff may choose which co-conspirators to sue, and defendants may join other co-conspirators as additional defendants, if they wish to do so. See Pa.R.C.P. 2252 (parties who may be jointly and severally liable may be joined by the defendant).

Accordingly, the following is entered:

## ORDER

And now, June 27, 2007, upon consideration of the preliminary objections filed by defendants Beta Alpha Building Corporation of the Pi Kappa Alpha Fraternity and Beta Alpha Chapter of the Pi Kappa Alpha Fraternity to the complaint filed by plaintiff David Pashkes, the objections in the nature of demurrers are sustained, without prejudice, decision on the objection based on lack of capacity is reserved, and the objection based on nonjoinder is overruled.